IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CV290 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGMENT AND DECREE |
| | ) | OF FORECLOSURE |
| BETTY J. ANDERSON,(deceased), et al., | ) | AND ORDER OF SALE |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

This matter is before the Court for determination upon the Amended Complaint filed by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Joe W. Stecher, United States Attorney for the District of Nebraska, and Laurie M. Barrett, Assistant United States Attorney for the District. The Defendants Betty J. Anderson, (deceased), Dan Larsen, and the Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of such of the Defendants as may be deceased; the Unknown Stockholders, Officers, Successors, Trustees, Creditors, and Assignees of such Defendants as are Existing, Dissolved or Dormant Corporations; the Unknown Executors, Administrators, Devisees, Trustees, Creditors, Successors, and Assignees of such Defendants as are or were Partners or in Partnership; and the Unknown Guardians, Conservators and Trustees of such of the Defendants as are Minors or are in any way under Legal Disability; and the Unknown Heirs, Executors, Administrators, Devisees, Legatees, Trustees, Creditors and Assignees of any Person Alleged to be Deceased and made Defendants as such, failed to answer or otherwise appear or plead to the allegations contained in the Amended Complaint and the Defendants are in default in this action.

Having examined the record of these proceedings, and having been fully advised in the premises, the Court makes the following findings and conclusions.  The Court has jurisdiction of these proceedings pursuant to Title 28, United States Code, § 1345.  Due and legal notice of the pendency of this action has been given, and the Court has jurisdiction of all the parties.

Because the Defendants are in default, each and all of the allegations of Plaintiff's Amended Complaint are taken as true.  Accordingly, the Plaintiff is entitled to a Decree of Foreclosure in Rem and Order of Sale as prayed.

The premises herein described will sell to the best advantage in one entire tract. There is due and owing to the Plaintiff as of November 27, 2007, the principal sum of $50,035.84, plus accrued interest in the amount of $4,490.31, together with interest accruing at the rate of $9.7965 per day from November 27, 2007, until the date of entry of this decree, with $23,177.81 interest credit or subsidy subject to recapture.  Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 3.28% computed daily and compounded annually until paid in full.

The amount due Plaintiff as stated herein is the first lien on the following described real estate in Cass County, Nebraska, to-wit:

> Lot 6, Block 5, Valley View Addition to the City of Plattsmouth, Cass County, Nebraska.

(Filing No. 11, Affidavit of Byron L. Fischer.)  Based on these findings,

IT IS ORDERED, ADJUDGED AND DECREED:

1.	The Plaintiff's Motion for Default Judgment (Filing No. 10) is granted;

2. Judgment in rem is entered against the Defendants and the real estate that is the subject of this action;

3. The above and foregoing findings are hereby made a part of this decree and order and by this reference incorporated herein;

4. If the costs as indicated below and the several amounts above found due and interest thereon are not paid within twenty (20) days from the date of this Memorandum and Order, then all equity of redemption in the premises be foreclosed and the premises sold as upon execution in one entire tract;

5. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements; and

the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court.

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in NECivR 54.1; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

Dated this 28th day of December, 2007.

        BY THE COURT:

        s/Laurie Smith Camp
        United States District Judge